WENTWORTH, Judge.
Appellant pled nolo contendere to possession of less than 20 grams of marijuana after his motion to suppress the contraband *1210 was denied. The state stipulated that the motion was dispositive of the outcome, and the defendant’s right to appeal was preserved.
According to stipulated facts, W. J. S. was standing in a school corridor talking to three other students when a teacher walked by who thought that the boys looked suspicious because they “appeared to look away from her, to look at something else.” The teacher stopped the school security guard Lee who was also in the vicinity, and they took the boys to the principal’s office “where Lee intended to have the Assistant Principal . . . search each boy.” Later, a small purse containing marijuana was taken from the defendant.
In his motion to suppress and in this appeal, defendant argues only that his initial detainment was illegal because there was no reasonable suspicion to believe that he possessed contraband.
We agree that there was no reasonable suspicion at the time of the initial detention in this case, within the meaning of that term as previously applied to school searches. See State v. F. W. E., 360 So.2d 148 (Fla. 1st DCA 1978). However, we do not agree that school officials must have a reasonable suspicion in order to detain a student and take him, as stated in this case, “to be checked out” on the school premises. The stipulated intent to search does not in our opinion render the detention unlawful, and the validity of any subsequent search must be determined on the basis of conditions then existing. No other facts appear of record with respect to the circumstances under which appellant’s purse was “taken from him,” although counsel stated in argument before the trial court that the purse was first seen when appellant dropped it and after he ran, then returned, the principal “asked him to hand it over, which he did.”
The defendant has not argued that the seizure of the marijuana was the result of a search. In fact, defense counsel waived any such argument by repeatedly stating that the motion to suppress was based solely on the allegedly illegal stop; that the resulting seizure was “fruit of the poisonous tree,” and that “I am not alleging that he was illegally searched.” Our conclusion is simply that criminal law standards for a legal stop do not control the mere detention of appellant as a student in this case, and we do not reach the propriety of search because that issue is not presented.
The order denying the motion to suppress and the order referring appellant to the Juvenile Alternative Services Project are affirmed.
McCORD and LARRY G. SMITH, JJ., concur.